IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY N. McKINLEY, | ) |
| Petitioner, | ) |
| v. | ) CIV-16-126-R |
| TRACY McCOLLUM, Warden, | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions for Indecent or Lewd Acts with a Child Under Twelve (Counts 1, 3, 4, 5, 6, 7, and 9); Rape in the First Degree (Count 2); and Forcible Oral Sodomy (Counts 8 and 11), After Two or More Felony Convictions entered following a jury in the District Court of Cleveland County, Case No. CF-2011-576. Respondent has moved to dismiss the action on the basis that the Petition is not timely filed. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as untimely.

I. Background

Petitioner was tried before a jury on eleven criminal counts involving child molestation. The jury returned verdicts of guilty on all but one count (count ten). In accord

1

with the jury's sentencing recommendation, the district court sentenced Petitioner to twenty year terms of imprisonment for each of the convictions in counts 1, 3, 4, 6, and 7, and life imprisonment for each of the convictions in counts 2, 5, 8, 9, and 11. The court ordered that the sentences in counts 1, 3, 4, and 6 run concurrently with each other but consecutively to the sentence in count 2, that the sentence in count 5 run concurrently with the sentence in count 8, and that the sentences in counts 7, 8, 9, and 11 run consecutively to each other and to the sentence in count 2. Response, Ex. 1, at 1-2.

Petitioner raised seven grounds for relief in a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). In a summary opinion entered August 28, 2013, the OCCA rejected each of Petitioner's claims and affirmed the convictions and sentences.

Petitioner filed an application for post-conviction relief in the district court on August 12, 2014. Response, Ex. 2 (docket sheet in Case No. CF-2011-576), at 29. In a summary order, the district court denied the application on the same date.

Although Petitioner attempted to appeal this decision to the OCCA, the OCCA entered an order declining jurisdiction on October 9, 2014. The appellate court found that Petitioner had not complied with the court's procedural requirements for pursuing an appeal. Specifically, Petitioner had not submitted a certified copy of the district court's order denying his post-conviction application. Because of this procedural deficiency, the OCCA declined to exercise jurisdiction and dismissed the attempted appeal.

On July 31, 2015, the OCCA entered an order granting Petitioner's request to file his post-conviction appeal out of time. On January 13, 2016, the OCCA entered an order

affirming the district court's denial of Petitioner's post-conviction application.

II. Statute of Limitations

Respondent contends that judicial review of the claims asserted in the Petition is barred by the expiration of the statute of limitations prescribed in 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

A. Applicable Limitations Period

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] The OCCA affirmed Petitioner's convictions in Case No. CF-2011-576 on August 28, 2013. These convictions therefore became "final" under 28 U.S.C. § 2244(d)(1)(A) on November 26, 2013, when the time for Petitioner to seek certiorari review with the United States Supreme Court, which he did not do, expired.[2] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a

---

[1]Petitioner has not alleged that an alternative starting point prescribed by the statute, such as the date on which he discovered the factual predicate for his claims, would be appropriate. See 28 U.S.C. § 2244(d)(1)(B)-(D).

[2]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ...'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)).

Petitioner had one year beginning November 27, 2013, to file his federal habeas petition commensurate with 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, his one-year filing period expired on November 28, 2014.[3]

B. Statutory or Equitable Tolling

Petitioner filed a post-conviction application in the district court on August 12, 2014. Although Petitioner asserts that his post-conviction application was filed on an earlier date when he gave the application to a prison library clerk for filing, there is no prison mailbox rule followed in Oklahoma. Moore v. Gibson, 27 P.3d 483 (Okla. Crim. App. 2001). See Loftis v. Chrisman, 812 F.3d 1268, 1271 (10th Cir. 2016)(noting "[t]he OCCA does not use a prison mailbox rule, so a document will not be considered filed until it has actually been received by the court"). Petitioner therefore is not entitled to an enlargement of the statutory tolling period due to a prison mailbox rule.

At the time Petitioner filed his post-conviction application in the district court on August 12, 2014, 258 days of the limitations period had elapsed, and Petitioner had 107 days

---

[3]November 27, 2014, was a federal holiday and thus has not been considered as the ending date for the filing limitations period.

4

remaining in his one-year limitations period. In this case, the one-year limitations period was statutorily tolled under 28 U.S.C. § 2244(d)(2) as a result of the post-conviction application's pendency in the state district court for only one day. Even though Petitioner's attempted appeal of the district court's decision was dismissed by the OCCA, the statutory limitations period was further tolled for the 30-day period during which Petitioner could have appealed the district court's decision to the OCCA. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)(holding limitations period is tolled during period in which petitioner could have sought an appeal under state law). At the conclusion of this 31-day period on September 12, 2014, Petitioner had 106 days remaining in his limitations period.

The limitations period resumed running on September 13, 2014. See Gibson, 232 F.3d at 805-06 (noting "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court" and statute of limitations is not tolled during time between date statutory appeal period expired and date that state appellate court granted an appeal out of time).

In Oklahoma, a prisoner may file an application for leave to appeal out of time. Okla. Stat. tit. 22, § 18 app. Rule 2.1(E)(1). Under this rule, the petitioner seeking to file an appeal out of time must file an application for post-conviction relief asking the district court to grant leave to petition the OCCA. The petitioner may then appeal the district court's grant or denial of the request to the OCCA. The petitioner must obtain the permission of the OCCA before filing an actual appeal out of time.

Petitioner did not seek leave to appeal the district court's decision out of time until

December 15, 2014. Response, Ex. 2, at 31. Between September 13, 2014 and December 15, 2014, 93 days of the remaining limitations period elapsed. On December 15, 2014, when his request for leave to appeal out of time was filed in the district court, Petitioner had 13 days remaining on his limitations period.

The OCCA ultimately granted Petitioner's request for leave to appeal the district court's decision out of time on July 31, 2015. Therefore, the statutory limitations period was tolled between December 15, 2014 and January 13, 2016, when the OCCA ultimately affirmed the district court's decision.

On January 14, 2016, the limitations "clock" resumed running and expired 13 days later on January 27, 2016. Petitioner filed the instant Petition on February 10, 2016.[4] Consequently, the Petition is not timely filed unless the limitations period is extended due to equitable tolling principles.

Title 28 U.S.C. "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Supreme Court has held that "actual innocence, if proved serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or]

---

[4] The Court should deem the Petition filed on the day Petitioner gave it to prison authorities for mailing. Fleming v. Evans. 481 F.3d 1249, 1255 n. 2 (10th Cir. 2007); Hoggro v. Boone, 150 F.3d 1223, 1227 (10th Cir. 1998)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)); see Doc. # 1, Ex. 1.

expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). However, such tolling of the limitations period for actual innocence is appropriate only in rare instances in which the petitioner shows that "'in light of the new evidence [presented by the petitioner], no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner contends he is "innocent," see Petition, at 44, but all of Petitioner's claims are directed toward the legal sufficiency of his convictions. Petitioner has not provided reliable evidence that was not presented at his trial to support his innocence claim. See House v. Bell, 547 U.S. 518 (2006)(actual innocence claims require "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial")(quotation omitted). In his responsive pleading, Petitioner makes a vague assertion that there are witnesses who were not presented at his trial "that would have changed the outcome of the trial had they been called." Petitioner's Response, at 5. This vague and unsupported allegation does not present reliable, new evidence of actual innocence under the prevailing standard.

Petitioner has also alleged in his Petition that "we have a very limited access to word processors and access to a law library." Petition, at 43. However, Petitioner "has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Petitioner has not shown extraordinary circumstances that warrant the application of equitable tolling principles

to extend the limitations period. Because the Petition is not timely filed, the Court should decline to review the merits of the untimely-filed Petition and dismiss the action.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     April 13th    , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    24th    day of    March   , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE