# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY NEAL MCKINLEY,      )
         )
        **Petitioner,**    )
         )
v.         )     **CIV-16-126-R**
         )
TRACY McCOLLUM, Warden,    )
         )
        **Respondent.**    )

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 24, 2016, Judge Purcell issued a Report and Recommendation wherein he recommended that Respondent's Motion to Dismiss be granted, and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. No. 12). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation. This objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having undertaken such review, the Court finds as follows.

The parties concur that Petitioner's underlying conviction became final on November 26, 2013, ninety days after the Oklahoma Court of Criminal Appeals affirmed his conviction, because Petitioner did not pursue a *writ of certiorari* before the Supreme Court of the United States. It is further undisputed that Petitioner relies on the one year

limitations period set forth in 28 U.S.C. §2244(d)(1), that is that he had one year from the date his conviction became final in which to seek relief, which time can be extended by virtue of tolling. Due to the Thanksgiving holiday and the fact that the Clerk of Court was not open for business the day after Thanksgiving in 2014, without regard to tolling, a federal habeas petition would have been due not later than December 1, 2014 *See* Rule 6(a)(3) (if the clerk's office is "inaccessible" on the last day of a limitations period, "then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]"). Although Friday, November 28, 2014, was not a "legal holiday" as defined in Rule 6(a)(6)(A), the clerk's office for this Court was closed on that date, making the Court Clerk's office inaccessible.

Judge Purcell correctly concluded that Petitioner was not entitled to statutory tolling. Petitioner's first properly filed application for state post-conviction relief was not received by the District Court of Cleveland County until August 12, 2014, thus stopping the clock. The stop was short-lived, the petition was denied that same day, and because Petitioner did not pursue an appeal, the limitations period began again on September 13, 2014, the day after his time for filing an appeal. On December 12, 2014, Petitioner sought leave to appeal out of time.[1] His request was granted on July 31, 2015 and the appeal in his post-conviction was denied on January 13, 2016. Utilizing these dates for statutory tolling purposes, the February 11, 2016 filing of the instant petition was untimely.

---

[1] Petitioner made an unsuccessful attempt at an appeal, which was rejected by the Oklahoma Court of Criminal Appeals on October 9, 2014. The appeal was filed outside the time limit for doing so, and therefore, this period is not included in the tolling.

Petitioner concedes he is untimely if only statutory tolling is applicable. He contends, however, that he is entitled to equitable tolling for a period of time between approximately June 9, 2014 and July 25, 2014. In support of equitable tolling Petitioner provides evidence to support his contention that he placed an application for post-conviction relief in the mail at the Oklahoma State Reformatory on June 5, 2014, which was mailed on June 6, 2014, but apparently never received by the Clerk of Court for the District Court of Cleveland County. Petitioner was made aware that the filing had not been received when he made inquiry via letter dated July 23, 2014. The letter was apparently returned to him with a notation that nothing had been received in his case prior to his letter. Thereafter, on August 1, 2014, his second attempt was mailed, which was filed on August 12, 2014. The Report and Recommendation noted that Petitioner was not entitled to statutory tolling from June 6, 2014, because Oklahoma does not adhere to the mailbox rule for prisoners. It did not, however, address whether the circumstances of the allegedly lost mailing could constitute the type of exceptional circumstances that would entitle Petitioner to equitable tolling. *See* e.g. *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003). The Court finds that the information submitted by Petitioner, specifically in his February 25, 2016, Judicial Notice, necessitates further consideration on the issue of equitable tolling. As such, the Court declines at this juncture to adopt the Report and Recommendation. This matter is hereby remanded to Judge Purcell for additional consideration regarding Petitioner's contention that he is entitled to equitable tolling for any portion of the period between June 5, 2014 and August 12, 2014.

IT IS SO ORDERED this 4th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE