IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY NEAL McKINLEY,    )
                          )
        Petitioner,       )
                          )
                          )   No. CIV-16-126-R
v.                        )
                          )
TRACY McCOLLUM,           )
                          )
        Respondent.       )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner's habeas Petition filed February 12, 2016, is before the undersigned pursuant to the Order entered May 4, 2016, remanding this matter to the undersigned "for additional consideration regarding Petitioner's contention that he is entitled to equitable tolling for any portion of the period between June 5, 2014 and August 12, 2014." Order, Russell, D.J. (Doc. # 17). Following remand, Respondent was directed to file additional state court records. Those records have now been filed by Respondent.

In the previously-entered Report and Recommendation, the undersigned found that Petitioner's Petition was not timely filed and recommended that the action should be dismissed as untimely. In Petitioner's Petition, Petitioner alleged that his "first [post-conviction] application mailed 6-6-14 was lost by the court." Petition, at 4 (ECF No. 7). He also stated, inconsistently, that the post-conviction application was "mailed in July, court did not file until 8-12-14." Petition, at 5 (ECF No. 8). However, Petitioner also stated that he had

1

"proof and documentation of my first [post-conviction] application being mailed from OSR in Granite on June 6th 2014." Petition, at 14 (ECF No. 44).

In his response to Respondent's Motion to Dismiss the Petition as untimely, Petitioner alleged that "there is an extraordinary circumstance which prevented the timely filing of his first Application for Post Conviction Relief on June 5th 2014 . . . ." Response (Doc. # 14), at 1. Petitioner argues in the responsive pleading that the Cleveland County Court Clerk's office "does not timely stamp 'Filed' on critical time sensitive documents." Id. at 2.

In his objection to the Report and Recommendation, Petitioner did not renew his argument that the Court Clerk's office in the District Court of Cleveland County was at fault for not properly date-stamping pleadings. Rather, Petitioner contended that equitable tolling should be applied to extend the 28 U.S.C. § 2244(d)(1) limitations period because he placed his first post-conviction application in the prison's legal mail system on June 6, 2014, and "[t]he U.S.P.S. apparently lost this document" as it was "never received by the Cleveland County Court Clerk." Objection (Doc. # 16), at 2.

As evidentiary support for his assertion that he mailed his post-conviction application on June 6, 2014, Petitioner has submitted a copy of a form entitled Offender's Request for Disbursement of Legal Costs and a statement by a prison official, referencing a mail log, that Petitioner had legal "mail" that left the prison addressed to Rhonda Hall, the Court Clerk in Cleveland County at that time, on June 6, 2014. "Judicial Notice" (Doc. # 9). On the Offender's Request for Disbursement of Legal Costs, Petitioner requested copies of an attached document, that he described as "propositions 1,2,3, Att. B" consisting of 29 pages

2

and postage of $2.87 for mailing the document to "Rhonda Hall," as well as an envelope and notary service. The request form was signed by Petitioner and a law library supervisor on June 5, 2014.

Petitioner also provides evidence that he subsequently sent a letter to the Court Clerk in Cleveland County District Court dated July 23, 2014, asking whether his "application for post conviction, along with documentation, a request for transcripts and a paupers application" mailed from prison on June 6, 2014, had been received. The response written on this letter states, "Sorry - have not received anything from you prior to this letter." "Judicial Notice" (Doc. # 9), Ex. 3.

The 28 U.S.C. § 2244(d) limitations period may be equitably tolled in extraordinary circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(AEDPA's statute of limitations subject to equitable tolling in "rare and exceptional circumstances"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Simple excusable neglect is not sufficient. . . . [A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson, 232 F.3d at 808.

Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the

3

statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004)("[T]he [AEDPA] limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law . . . . [A]ny time allotted by the state for appeals will toll the limitations period regardless of whether a petitioner actually appeals . . . .")(internal citations omitted).

In this case, the Court should assume that Petitioner attempted to mail a post-conviction application to the state district court on June 6, 2014, but that the post-conviction application was lost in the mail, lost by the state district court prior to docketing, or lost by prison officials after it was logged as outgoing legal mail. Petitioner thereafter mailed a second post-conviction application to the district court which was filed in his criminal case on August 12, 2014.

The issue before the Court is whether the limitations period should be equitably tolled between the period of June 5, 2014 and August 12, 2014, for a total of 67 days. The Court previously found that Petitioner's one-year limitation period began to run on November 27, 2013, the day after his conviction became final, and that, absent statutory or equitable tolling, a federal habeas petition would have been due not later than December 1, 2014.

Petitioner's first properly-filed post-conviction application was received by the District Court of Cleveland County on August 12, 2014, and the limitations period stopped on that day and resumed on September 13, 2014, after the time expired for Petitioner to pursue an appeal of the district court's August 12, 2014 post-conviction decision. On August 12, 2014, 258 days of the limitation period had elapsed.

4

On December 12, 2014, Petitioner sought leave to appeal out of time, his request was granted on July 31, 2015, and the post-conviction appeal was denied on January 13, 2016. Petitioner's one-year limitation period was tolled between December 12, 2014 and January 13, 2016. Ninety days of the limitation period elapsed between September 13, 2014 and December 12, 2014. When the limitation period resumed on January 14, 2016, Petitioner had 17 days to file his habeas petition. As the Court previously found, using these dates for the purpose of statutory tolling, Petitioner's habeas Petition filed February 11, 2016, was untimely.

However, if Petitioner is entitled to equitable tolling for the additional period of time between June 6, 2014, when he purportedly placed his first post-conviction application in the prison mail system, until August 12, 2014, when he actually filed his first post-conviction application in the state district court, his Petition would be timely filed.

Other courts have held that lost legal mail will not suffice to show extraordinary circumstances sufficient to equitably toll the limitations period. See Rogers v. Perry, 2014 WL 7185451 (M.D.N.C. 2014)(unpublished op.); Burns v. Beck, 349 F.Supp.2d. 971, 974 (M.D.N.C. 2004)(noting prison conditions such as lockdowns or misplacement of legal papers are not sufficient grounds for equitable tolling); Cross v. McGinnis, 2006 WL 1788955 (S.D.N.Y. 2006)(unpublished op.)("The negligent loss of legal papers by prison officials . . . does not constitute an extraordinary circumstance."). But at least one court has held that the allegation by a prisoner that his pleading was lost in the mail, supported by evidence the prisoner did request a disbursement for postage and mail items from prison on

5

the date he allegedly mailed the "lost" pleading, was sufficient to show extraordinary circumstances when coupled with a showing of due diligence. Chapman v. Ricks, 2008 WL 820189 (N.D.N.Y. 2008)(unpublished op.).

Petitioner, in this case, has provided some evidence that he mailed legal documents from the prison where he was confined on June 6, 2014, to the District Court of Cleveland County, and he has provided some evidence that he exercised due diligence by requesting information concerning the allegedly lost post-conviction application from the District Court of Cleveland County within a month of the date on which he allegedly mailed the application. Petitioner thereafter properly filed a post-conviction application in the District Court of Cleveland County in a short period of time.

Given these circumstances, the Court should find that Petitioner has shown extraordinary circumstances and due diligence and equitably toll the limitations period between June 6, 2014 and August 12, 2014. With the application of this equitable tolling period, Petitioner's Petition is timely filed. Therefore, Respondent's Motion to Dismiss the habeas action on the ground that it is not timely filed should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss Time Barred Petition (Doc. # 12) be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___June 14th___, 2016, in accordance with 28 U.S.C. § 636 and

Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __25th__ day of __May__, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE