IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY NEAL MCKINLEY, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-16-126-R |
| | ) | |
| TRACY McCOLLUM, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 24, 2016, Judge Purcell issued a Report and Recommendation wherein he recommended that Respondent's Motion to Dismiss be granted, and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. No. 12). The Court adopted the Report and Recommendation insofar as it concluded that Petitioner was not entitled to statutory tolling, but remanded for further consideration on this issue of equitable tolling. On May 25, 2016, Judge Purcell issued a Supplemental Report and Recommendation, recommending that the Court conclude the Petition was timely filed on the basis of equitable tolling. The matter is currently before the Court on Respondent's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which specific objection was made. Having undertaken such review, the Court finds as follows.

The issue on remand to Judge Purcell was whether Petitioner was entitled to equitable tolling for any portion of the period between June 5, 2014 and August 12, 2014. Judge Purcell concluded the Court should toll the period between June 6 and August 12, 2014, during which time Petitioner contends he was operating under the mistaken belief that his application for post-conviction relief, which he mailed to the District Court of Cleveland County from the Oklahoma State Reformatory on June 6, 2014, had been received and filed. He presented evidence to the Court that he indeed completed a disbursement for postage to the Cleveland County Clerk's office on that date. Petitioner inquired about the filing on July 23, 2014, and was informed that nothing had been received. Thereafter, on August 12, 2014, he filed his post-conviction application, starting the statutory tolling period. Ultimately, following the denial of his application for post-conviction relief, Petitioner's claims herein were untimely unless he was entitled to equitable tolling for some of this time period.

The undersigned concurs with Judge Purcell that Petitioner is entitled to equitable tolling. The tolling period began on June 8, 2014, two days after mailing, because Oklahoma state court's do not apply a mailbox rule to prisoner filings. The undersigned concludes the tolling should terminate on July 23, 2014, the date Petitioner stated in a letter to the Clerk of Court for the District Court of Cleveland County that his review of the records online indicated that his June 5, 2016 submission had not been received. Respondent contends in his objection that equitable tolling is inappropriate in part because Petitioner was not diligent in pursuing his claims, not seeking post-conviction

relief until, at the earliest, June 2014, when his conviction became final in November 2013. By the Court's calculation 195 days passed between the finality of Petitioner's conviction and his first attempt at post-conviction relief from the state district court. The Tenth Circuit has applied equitable tolling under circumstances involving a nearly identical period of time between finality of conviction and the first state post-conviction filing. *See Loftis v. Chrisman*, 812 F.3d 1268 (10th Cir. 2016)(although nearly 195 days passed between finality of conviction and initial post-conviction attempt, the court concluded that "Petitioner did not sleep on his federal rights, but rather diligently pursued his claims by filing the documents which he believed would be sufficient to ensure state court review of his habeas claims") *see also Berger v. Scott*, 317 F.3d 1133 (10th Cir. 2003)(finding diligent pursuit where the factual predicate of the claim arose on February 17, 1999 and attempt at state post-conviction not initiated until early January 2000). Accordingly, the Court disagrees with Respondent's contention that Petitioner herein was not diligent in pursuing his claims.

Furthermore, the Court concurs with Judge Purcell's conclusion in the Supplemental Report and Recommendation that this case presents the rare and exceptional circumstance for applying equitable tolling. Petitioner submitted a document that he asserts was an application for post-conviction relief for mailing to the law library at the Oklahoma State Reformatory.[1] There is no dispute that an envelope was mailed to

---
[1] Respondent has not submitted direct evidence to support his position. Rather he relies on the difference in the amount of postage used on the June and August mailings to argue that Petitioner was at fault for the fact that the mailing was apparently never received by the Court Clerk. Respondent argues in the objection that Petitioner's own filings establish that only two sizes of envelopes were available for purchase at OSR and the fact that the application for post-conviction relief received and filed by the Clerk of Court for Cleveland County required more postage necessitates a finding that

3

the Office of the Clerk of Court for Cleveland County on his behalf on June 6, 2014. There is no dispute that nothing was filed in his case as a result of this mailing. Although Respondent argues that Petitioner was responsible for any lost mail, asserting that it must have been deficient in postage, Petitioner asserts in his verified Response and Objection to Respondent's Objection to the Report and Recommendation that the law library determined the amount of postage necessary on the envelope and that he agreed to disbursement of the appropriate funds based on their calculations. The Court concurs with Judge Purcell's conclusion that this case presents the exceptional circumstances to which equitable tolling can be applied.

For the reasons stated herein, the Supplemental Report and Recommendation is hereby ADOPTED to the extent that it recommends equitable tolling. The Court concludes, however, that the tolling should cease on July 23, 2014, after forty-five days. His Petition herein was therefore timely filed. This matter is re-commited to Judge Purcell for additional proceedings.

IT IS SO ORDERED this 11th day of July, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

Petitioner failed to affix the appropriate postage to the first mailing. Respondent's conclusions regarding the type and size of envelopes and the mailing cost are mere speculation and refuted by Petitioner's verified response.