# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY NEAL MCKINLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-16-126-R |
| | ) | |
| TRACY McCOLLUM, Warden, | ) | |
| NORTH FORK CORRECTIONAL | ) | |
| FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 7, 2017, Judge Purcell issued a Report and Recommendation wherein he recommended the Court deny the Petition. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner was convicted in the District Court of Cleveland County on ten counts of an eleven-count indictment, consisting of seven counts of Lewd Acts with a Child Under 16 in violation of Okla. Stat. tit. 21 § 1123 (Counts 1, 3, 4, 5, 6, 7 and 9), one count of

Rape, in First Degree by Instrumentation, Victim Under Age 14, in violation of Okla. Stat. tit. 21 § 1114(A)(7)(Count 2), two counts of Forcible Oral Sodomy in violation of Okla. Stat. tit. 21 § 888 (Counts 8 and 11). He was sentenced to terms of either twenty years (Counts 1, 3, 4, 6, and 7) or life imprisonment (Counts 2, 5, 8, 9 and 11). The court ordered the twenty-year sentences on Counts 1, 3, 4, and 6 to run concurrently to one another and consecutively to the life sentence imposed on Count 2. The life sentence on Count 2 was ordered to run concurrently with the life sentence on Count 8. The sentences in Counts 7, 8, 9, and 11 were to run consecutively to one another as well as to the life sentence on Count 2. Following his conviction Petitioner sought relief from the Oklahoma Court of Criminal Appeals via direct appeal; that court affirmed his conviction on August 8, 2013. Both the District Court of Cleveland County and the Oklahoma Court of Criminal Appeals denied Petitioner's requests for post-conviction relief. Petitioner currently seeks relief on the same grounds raised in the state court, as well as a single additional ground. As noted, Judge Purcell concluded Petitioner's claims lack merit, and this Court concurs.

In Ground One, Petitioner contends the trial testimony of C.S., the victim, was not credible, characterizing the testimony as contradictory of her prior forensic interviews and her preliminary hearing testimony. Petitioner raised this claim on direct appeal, asserting that C.S.'s testimony required corroboration under extant Oklahoma authority. As noted in the Report and Recommendation, the Oklahoma Court of Criminal Appeals addressed this claim on direct appeal and concluded that the admission of the testimony was not contrary to Oklahoma law, and further that there was sufficient evidence to support Petitioner's convictions, such that his due process rights were not violated.

The majority of Petitioner's argument is devoted to his contention that because C.S.'s testimony was incredible, that it required corroboration. As noted by Judge Purcell, however, corroboration is an issue of state law, and thus does not support federal habeas relief. "No direct Supreme Court precedent requires corroboration of child witness testimony." *Parker v. Scott*, 394 F.3d 1302, 1314 (10th Cir.2005). Parker was convicted of child sexual abuse and argued the child victim's testimony was "so inconsistent that, absent corroboration, it denied him due process." *Id*. at 1314. The Tenth Circuit reviewed *Parker's* habeas claim under the sufficiency of the evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

> Under *Jackson*, to determine whether the child's testimony was sufficient to convict Parker, we must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. 2781. "This ... standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*.

*Parker*, 394 F.3d at 1314.

As in *Parker*, the *Jackson* standard is the appropriate one for application herein. The Oklahoma Court of Criminal Appeals applied *Jackson* and concluded on direct appeal that the evidence was sufficient to support his convictions. A federal habeas court's review under *Jackson* is "sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004)

(quotations and alterations omitted). *See also Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (in reviewing the sufficiency of the evidence, the federal habeas court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must " 'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'") (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)). Accordingly, despite Petitioner's arguments to the contrary, it is not the province of this Court to re-determine witness credibility. As such, although Judge Purcell failed to acknowledge the testimonial inconsistencies identified by Petitioner in his Reply brief, the Report and Recommendation properly concludes Petitioner is entitled to relief only if the Oklahoma Court of Criminal Appeals' decision was contrary to or an unreasonable application of *Jackson*.[1] "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction [is] ... to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. This court, having reviewed the entire record, concludes that the evidence could reasonably support the jury's finding of guilt on each of the counts of conviction.

In Ground Two of the Petition, Mr. McKinley argues the trial court erred in admitting unfairly prejudicial evidence, thereby depriving him of a fundamentally fair trial. He asserts "[a]pparently there were images, which were never downloaded to any file on the laptop computer, that were inappropriate, and I received blame for these images even though I had nothing to do with them. My accuser claims I showed her images, but she

---

[1] Most of the inconsistencies about which Petitioner complains were brought out on cross-examination and the jury was free to draw its own conclusions, having been instructed that it was the trier of fact.

never identifies these images at trial or any hearing. There is also testimony not given at trial that my accuser and others went to pornsites." Doc. No. 1, p. 11. Petitioner admits he only partially raised this issue on direct appeal, and that the Oklahoma Court of Criminal Appeals denied relief. The Report and Recommendation thoroughly and correctly analyzed the applicable law and properly concluded that Petitioner failed to establish he was entitled to habeas relief on this basis.

In Ground Three, Petitioner asserts trial counsel was prohibited from presenting a theory of defense. He asserts the trial court improperly precluded his counsel from presenting evidence to show that his accuser has been in the presence of child abuse elsewhere, and that a person known as "Mama Dee" wanted custody of C.S. He further asserts that C.S.'s half-sister stated she believed C.S. was making accusations at "Mama Dee's" request.

Mama Dee, Deanna Harp Wilson, testified as a witness for the State. She had been a neighbor of C.S.'s family and C.S. resided with her for a period of time. Defendant's theory of the case included that Ms. Wilson wanted the children in C.S.'s family to reside with her.

> Q: And you're not trying to get those kids out of there?
> A: Just to stay with me. That was –
> Q: To stay with you, yes, exactly.
> A: I mean, not on a permanent basis, just when – just when they needed to be with me.
> Q: You wanted them with you, didn't you?
> A:  Not at all times, no, sir.
> Q: Well, it was nice when they were with you, right?
> A: Yeah.
> Q: I mean, you loved them.
> Q: It's good to have them around, right?

A: Yes.

Trial Tr. 898. Defense counsel further inquired:

> Q: "[Y]ou told us a minute ago that you had offered yourself as a possible
> foster home for the kids?"
> A: Yes.
> Q: DHS did not approve that; is that true?
> A: Right.

Trial Tr. 910. Defendant's counsel was not permitted to conduct cross-examination of Ms.

Wilson on the issue of certain convictions of Christopher Ferrell, who resided with her

family for a period of time when C.S. was also in Wilson's home. Mr. Ferrell pled guilty

to charges related to sexual abuse of Ms. Wilson's daughter and another minor, but not

C.S. Defendant's argues that denying him the right to present a complete defense,

theorizing that C.S. may have been abused by Mr. Ferrell and that Ms. Wilson wanted

custody of C.S.

The Constitution guarantees a criminal defendant "a meaningful opportunity to

present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)(internal

citations and quotations omitted). A defendant's right to present relevant evidence is not

unlimited. It is subject to "reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303,

308 (1998). The Supreme Court recognizes that "state and federal lawmakers have broad

latitude under the Constitution to establish rules excluding evidence from criminal trials."

*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).

> Only rarely have we held that the right to present a complete defense was
> violated by the exclusion of defense evidence under a state rule of evidence.
> *See* 547 U.S. at 331, 126 S.Ct. 1727 (rule did not rationally serve any
> discernible purpose); *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97
> L.Ed.2d 37 (1987) (rule arbitrary); *Chambers v. Mississippi*, 410 U.S. 284,

302–303, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (State did not even attempt to explain the reason for its rule); *Washington v. Texas*, 388 U.S. 14, 22, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (rule could not be rationally defended).

*Nevada v. Jackson*, --- U.S. ---, 133 S.Ct. 1990 (2013). Although the trial court precluded Petitioner's counsel from inquiring about Mr. Ferrell's conviction, there was no evidence to tie his convictions to the victim in this case nor was there any evidence that he committed any crimes against C.S.[2] Furthermore, with regard to Ms. Wilson's motives for testifying, defense counsel was permitted to cross-examine her as to whether she desired placement of the children in her home and the jury heard the testimony of K.L., C.S.'s sister, that she believed the accusations were the result of coaching by Ms. Wilson. Furthermore, defense counsel included this argument in his closing. Judge Purcell correctly analyzed this issue and correctly concluded that Petitioner is not entitled to habeas relief on Ground Three.

Petitioner makes no objection to the Report and Recommendation with regard to Grounds Four, Five, Six and Seven. Doc. No. 37, p. 5. As such the Report and Recommendation is adopted with regard to each of these grounds.[3]

In Ground Eights through Ten Petitioner asserts that appellate counsel was constitutionally ineffective in failing to raise certain instances of trial counsel's alleged

---

[2] The Supreme Court "has not articulated the specific set of circumstances under which a criminal defendant must be permitted to introduce evidence of potential third-party culpability. Instead the Court has found that such evidence must be admitted when, under the 'facts and circumstances' of the individual case, its exclusion deprived the defendant of a fair trial." *Wade v. Mantello*, 333 F.3d 51, 58 (2d Cir. 2003)(quoting *Chambers*, 410 U.S. at 303). Petitioner has not established that exclusion of the information regarding Christopher Farrell's conviction for charges unrelated to C.S. deprived him of a fair trial.

[3] Petitioner's objection to Ground Eight implicates the findings set forth by Judge Purcell with regard to Ground Five. The issue is addressed below with regard to Ground Eight. Petitioner states that he "is not adding any additional to what was addressed by appellate counsel on direct appeal. These issues have little to do with Petitioner's factual and actual innocence." Doc. No. 37, p. 5. Petitioner is entitled to *de novo* review of any portion of the Report and Recommendation to which he makes specific objection. As such, the Court concludes no additional review of Grounds Four, Five, Six, and Seven is warranted.

ineffectiveness. In Ground Eight Petitioner challenges appellate counsel's failure to raise trial counsel's ineffectiveness with regard to the calling of a witness, J.C. J.C. is C.S.'s step-brother, and according to Petitioner would have testified that an instance of allegedly inappropriate sexual contact that J.K., C.S.'s friend testified occurred when both C.S. and J.C. were present, did not occur. Judge Purcell thoroughly addressed the issue of appellate counsel's omission of a claim that trial counsel's failure to call J.C. as a witness constituted ineffective assistance of counsel. (Doc. No. 36, pp. 24-26, 31). Nothing in the objection to the Report and Recommendation provides any basis for rejecting Judge Purcell's conclusion with regard to J.C. and the effectiveness of trial and appellate counsel.

Petitioner, however, presents nothing but speculation about what J.C. would have said if called to testified. Speculation does not satisfy Petitioner's obligation to demonstrate a reasonable probability that the outcome would have been different as required to support his ineffective assistance of counsel claims. *U.S. v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995). Nor does speculation warrant an evidentiary hearing. *Tafoya v. Tansy*, 9 Fed.Appx. 862, *6 (10th Cir.2001). Petitioner presents no evidence to support his speculation regarding the testimony J.C. could have offered had he been called by Defendant's trial counsel as a witness. As such, and for the reasons set forth in the Report and

Recommendation, Petitioner is not entitled to habeas relief on Ground Eight.[4]

In Grounds Nine and Ten Petitioner challenges appellate counsel's failure to raise the issue of trial counsel's ineffectiveness with regard to testimony given by two minors, K.L. and J.K. The Oklahoma Court of Criminal Appeals rejected these claims by reviewing the merits of the omitted issues.

> We set forth in *Logan* that in reviewing a claim of ineffective assistance of appellate counsel under *Strickland*, a court must look to the merits of the issues that appellate counsel failed to raise. Only an examination of the merits of any omitted issues will reveal whether appellate counsel's performance was deficient and also whether the failure to raise the omitted issue on appeal prejudiced the defendant; i.e., whether there is a reasonable probability that raising the omitted issue would have resulted in a different outcome in the defendant's direct appeal. In the present case Judge Schumacher looked to the merits of the issues raised and concluded that appellate counsel's performance was not deficient. Petitioner's application to this Court has not shown that the trial judge erred.

*McKinley v. State*, PC-2015-704 (Okla.Crim.App. Jan. 13, 2016). Because this case arises on collateral review and the Oklahoma Court of Criminal Appeals ruled on the merits of his *Strickland* claims, this Court may only afford Petitioner relief if the Oklahoma Court of Criminal Appeals's *Strickland* analysis was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

[4] At the close of the evidence the following exchange occurred between the trial judge and Petitioner:
   The Court : Okay. Mr. McKinley, other witnesses that you really wanted Mr. Smith to call that –
   The Defendant: Well, we can call God down here. We could do that, but I don't think that will work.
Trial. Tr. P. 1290.

The two minors addressed in Grounds Nine and Ten are K.L. and J.K. K.L.is C.S.'s sister, and J.K. was their friend. Petitioner contends both offered false and inflammatory testimony that amounted to character assassination. Petitioner contends in part that neither K.L nor J.K. claimed to have any knowledge about the crimes committed against C.S. and that appellate counsel was ineffective for failing to challenge trial counsel's performance with regard to these witnesses.

Petitioner is correct that neither K.L. nor J.K's testimony was the result of their having witnessed any inappropriate behavior by Petitioner toward C.S. as charged in the information. Rather, the trial court permitted each to testify because of her own experiences with Petitioner, which the trial court concluded established a common scheme or plan. The trial court made this conclusion after conducting a hearing pursuant to *Burks v. State*, 594 P.2d 771 (Okla. 1979), *overruled on other grounds by*, *Jones v. State*, 772 P.2d 922 (Okla.Crim.App. 1989). On more than one occasion during the trial, the Court gave the jury a limiting instruction regarding how it could consider the testimony related to misconduct for which Petitioner had not been charged. Immediately prior to J.K.'s testimony, which included an allegation that Petitioner touched her inappropriately while she was with C.S. at Petitioner's home, the jury was instructed by the Court:

> Evidence will be received that Mr. McKinley has allegedly committed an offense other than that charged in the Information. You may not consider this evidence as proof of guilt or innocence of Mr. McKinley of the specific offense charged in the Information. This evidence will be received solely on the issue of his alleged common scheme or plan. The evidence is to be considered by you only for the limited purposes for which it was received.

Trial Tr. 937-38. A substantially similar instruction was included in the Court's final instructions to the jury. (Record on Appeal, p. 245).

To the extent Petitioner contends that K.L. and J.K were unreliable witnesses, their testimony was subjected to cross-examination and the jury was tasked with assessing their credibility. As set forth above, this Court does not reassess their credibility. Petitioner's trial counsel challenged both witnesses on cross-examination. With regard to K.L., counsel questioned her credibility in part by asking her if she recalled contrary or different statements she gave in interviews at the Mary Abbott House. Counsel elicited testimony from K.L. that she had previously lied about Petitioner taking inappropriate photographs of her cousin, Shandra. She testified that she lied because she was worried about her parents' reaction if they discovered she had taken the pictures. Trial Tr. 640. Counsel's cross-examination exposed additional inconsistencies in K.L.'s testimony and between her testimony and the testimony given by C.S. Trial Tr. 648-49, 651. As such, the Court cannot conclude that trial counsel was constitutionally ineffective such that appellate counsel should have raised the issue on direct appeal. The remainder of Petitioner's arguments regarding K.L. involve speculation on his part, without any factual support.

With regard to J.K.'s testimony that she was inappropriately touched by Petitioner when she visited his home, beyond arguing that she was not credible because neither eyewitness to Petitioner's alleged touching corroborates her story. Petitioner's contentions regarding J.K.'s testimony rely on his speculation about what J.C. would have testified to had he been called. Petitioner, however, fails to establish that the Oklahoma Court of

11

Criminal Appeals' decision with regard to Ground Ten was contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to habeas relief.

Petitioner does not object to Judge Purcell's recommendation with regard to Ground Eleven of his Petition. Accordingly, the Report and Recommendation is adopted as written with regard to Count Eleven.

For the reasons set forth herein, the Petition for Writ of Habeas Corpus is hereby DENIED. The Report and Recommendation issued by Magistrate Judge Gary M. Purcell on March 7, 2017 is hereby ADOPTED. Judgment shall be entered in Respondent's favor.

IT IS SO ORDERED this 18th day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE